UNITED STATES OF DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS A. WUNDERLICH,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>  Defendant. | Case No. 2:21-cv-00486-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Memorandum of Fees and Costs arising out of the Court's December 1, 2021 Order following a hearing on Plaintiff's Motion to Compel and Motion for Sanctions. ECF No. 43. The Court has considered Plaintiff's Memorandum and Defendant's Response (ECF No. 48).

**I.    Discussion**

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination ... regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). Here, the Court ordered an award of attorney's fees and costs incurred by Plaintiff arising from his Motion to Compel and Motion for Sanctions. ECF Nos. 28 and 31.

When reviewing hours claimed by the party to whom fees have been awarded, the Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009). When determining the reasonable hourly rate to be applied to an award of attorney's fees, the Court must consider the "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably comparable skill, experience and reputation" to the rates requested in the case before the Court. *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (internal citation omitted). This is a two step process. The first step requires the Court to

"calculate the lodestar amount by" multiplying "the number of hours reasonably expended on the" motion at issue "by a reasonable hourly rate." *Id*. (citations omitted).[1] The second step requires the Court to consider adjusting the lodestar amount upward or downward, something done "only on rare and exceptional occasions, … using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Id*. citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal brackets removed).[2]

A. <u>The Rates Charged</u>

Counsel for Plaintiff asks the Court to approve a $500 hourly rate for Mr. Ryan and $1,000 per hour for Mr. Cottle. Mr. Ryan is a graduate of the UNLV Boyd School of Law, has practiced law for over nine years, successfully tried several cases in the Eighth Judicial District Court for Clark County, and has been awarded a rate of $500 by that court in two cases. ECF No. 43 at 4-5. Mr. Cottle has practiced law for over 30 years. *Id*. at 5. His reputation in the community is well known; however, Counsel provides no information to support the award of $1,000 an hour other than the length of time Mr. Cottle has practiced law. An associate who apparently worked on the Motions for which attorney's fees were awarded, Matthew Minucci, appears to have practiced for a similar amount of time as Mr. Ryan, but charges $750 an hour. No information is provided for Mr. Minucci.

In 2019, the U.S. District Court for the District of Nevada stated:

> For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were $400 or less. *See, e.g., Snow v. McDaniel*, No. 3:08-cv-00046-RCJ-VPC, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (Jones, J.) (finding a $250 hourly rate reasonably within the context of a section 1988 inquiry); *see also Gibbs v. Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7,

---

[1] Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

[2] There are eleven factors that a court generally considers when assessing the reasonableness of an attorney fee award: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n. 2 (citing *Hensley*, 461 U.S. at 430 n. 3).

2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas). *International Institute of Management v. Organization for Economic Cooperation and Development*, Case No. 2:18-cv-1748-JCM-GWF, 2019 WL 5578485, at *7 (D. Nev. Oct. 29, 2019). Thereafter, the Court rejected requested hourly rates of $650, $900, and $1,265. *Id*. *See also Owen v. Stokes et al.*, Case No. 2:18-cv-1581-GMN-DJA, 2020 WL 127552, at *4 (D. Nev. Jan. 10, 2020) (finding a rate of $645 hourly rate for a senior partner with 47 years of experience, and a rate of $329 for an associate with nine years experience unreasonable). This information must guide the Court on the prevailing market rates in Las Vegas.

Even taking into consideration that it is now the end of 2021, the Court cannot find a basis to award nine year practitioners hourly rates $500 and $750 respectively. And, with respect to Mr. Cottle, who is certainly well known and respected in this community, the Court can find no precedent for a $1,000 hourly rate. Thus, taking into consideration all the information presented, the Court awards Messrs. Ryan and Minucci hourly rates of $375 per hour, and Mr. Cottle the hourly rate of $550 per hour.

B.   The Time Billed by Plaintiff's Counsel

Unfortunately, Plaintiff's Counsel did not provide a breakdown of who spent what time on preparation of the Motions. The total time is calculated at 12.3 hours for total fees of $6,150.00. The amount of time recorded is reasonable. However, the Court has no way of applying the approved rates to the time worked as who worked on what is unknown. The Court could do an average rate, however, the Court suspects Mr. Cottle spent far less time than Messrs. Ryan and Minucci.

**II.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Memorandum of Fees and Costs (EFC No. 43) is GRANTED with the reduced hourly rates as stated above.

IT IS FURTHER ORDERED that the 12.3 hours spent on motion practice and argument is also approved.

IT IS FURTHER ORDERED that Plaintiff's counsel shall file an addendum detailing who spent what time on each time entry listed on page 6 of the Memorandum so that the Court may calculate the appropriate award of fees.

Dated this 28th day of December, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE