UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Thomas A. Wunderlich,

        Plaintiff

  v.

State Farm Mutual Automobile Insurance Company,

        Defendant

Case No. 2:21-cv-00486-CDS-EJY

**Omnibus Order Resolving Appeal of the Magistrate Judge's Order and Motion for Partial Summary-Judgment**

[ECF Nos. 70, 72]

      Plaintiff Thomas Wunderlich brings this bad-faith insurance lawsuit against defendant State Farm Mutual Automobile Insurance Company ("State Farm"). This action stems from a car accident involving Wunderlich in November of 2019. Wunderlich sustained injuries when the airbags in his vehicle deployed because of the accident. Wunderlich alleges that State Farm acted in bad faith by refusing to pay the $100,000 policy limit for his underinsured motorist coverage. Back in February 2022, State Farm filed two motions to compel and a motion for sanctions. ECF Nos. 52, 53. In response, Wunderlich filed a motion to quash, or alternatively, a protective order, and a cross-motion for sanctions based on State Farm's motion to compel. ECF Nos. 56; 57. Magistrate Judge Elayna J. Youchah held a hearing on all of the aforementioned motions on April 25, 2022 (ECF No. 68), after which she granted in part and denied in part one of State Farm's motions to compel (ECF No. 52), denied the motion and counter-motion for sanctions (ECF Nos. 53, 57), and granted Wunderlich's motion to quash, or in the alternative, motion for a protective order (ECF No. 56). State Farm appeals[1] the magistrate judge's order (ECF No. 70), which Wunderlich opposes. ECF No. 71.

---

[1] The parties incorrectly refer to these as an "objection," rather than an "appeal." The magistrate judge's at-issue rulings are orders on pretrial motions, not recommendations, and thus must be appealed, not objected to. This distinction matters because magistrate judges' orders are subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a) *with* LR IB 3-2(b). I thus refer to State Farm's objection as an "appeal" throughout and apply the clearly erroneous standard of review.

Also pending before the court is State Farm's motion for partial summary judgment. ECF No. 72. State Farm moves for summary judgment on Wunderlich's claims for breach of the covenant of good faith and fair dealing and unfair claims practices pursuant to Nevada Revised Statutes (NRS) 686A.310(1)(e), and on Wunderlich's demand for attorneys' fees and punitive damages. *Id.* Wunderlich opposes the motion. ECF No. 73.

This order resolves State Farm's appeal of the magistrate judge's decision and the motion for partial summary judgment. For the reasons set forth herein, I deny the pending appeal of the order issued by Magistrate Judge Youchah (Tr. of Hr'g, ECF No. 69). I affirm her orders and adopt them in full. I also deny State Farm's motion for partial summary judgment. ECF No. 72.

## I.  Relevant background information[2] and facts

Thomas Wunderlich was driving his vehicle through the intersection of Durango Road and Pebble Road in Las Vegas, Nevada when he was struck by the vehicle being driven by non-party Ruben Dondhom.[3] Second Amended Complaint (SAC), ECF No. 20 at 2, ¶8. The accident caused Wunderlich's airbags to deploy (*id.* at 2–3, ¶9), which in turn caused significant and lasting injury to Wunderlich's ears and hearing. *See generally id* at 3–5; *see also id.* at 6, ¶29.

At the time of the accident, Wunderlich carried a State Farm Insurance policy ("the policy"),[4] which included medical payments coverage in the amount of $5,000.00, and underinsured motorist coverage (UIM) in the amount of $100,0000.[5] The UIM provision stated:

> "UNINSURED MOTOR VEHICLE COVERAGE
>
> …
> **Insuring Agreement**
> *We* will pay compensatory damages for *bodily injury* an *insured* is legally entitled to recover from the owner or driver of an *uninsured motor vehicle*.
> The *bodily injury* must be:
>   1.  sustained by an *insured*;"

---

[2] The court cites to the complaint to provide background information regarding Wunderlich's allegations. Citations to the complaint are not findings of fact.
[3] Dondhom was insured by Liberty Mutual at the time of the accident. Upon demand, Liberty Mutual tendered his policy limit of $100,000.00 to Wunderlich. ECF No. 20 at 6-7, ¶30.
[4] Wunderlich informed State Farm of the accident on the date it occurred. ECF No. 20 at 7, ¶31.
[5] *See* Def.'s Ex. A, ECF No. 72-1 (State Farm Policy Number 111992728).

ECF No. 72-1 at 18 (emphasis in original). The UIM provision also has certain exclusions. As relevant here, in instances where State Farm is required to pay the UIM, the amount can be reduced by the amount recovered from another tortfeasor's carrier pursuant to the "non-duplication" section of the policy. *Id.* at 19–20. That section reads as follows:

> "**Nonduplication**
>
> *We* will not pay under Uninsured Motor Vehicle Coverage any damages:
> 1.  that have already been paid to or for the *insured*:
>     a.  by or on behalf of any *person* or organization who is or may be held legally liable for the *bodily injury* to the *insured*; or
>     ...
> 2.  that have already been paid:
>     a.  as expenses under Medical Payments Coverage of this policy, the medical payments coverage of any other policy, or other similar vehicle insurance."

*Id.* at 19 (emphasis in original). Although it is unclear as to when it occurred, there is no dispute that State Farm tendered and paid the full amount of Wunderlich's medical payments coverage, that is $5,000.00. *See* ECF No. 20 at 7, ¶32; Def.'s Ex. B, Wunderlich's Dep., ECF No. 72-3 at 20 (Wunderlich stating that he believed State Farm had paid him the $5,000 in med-pay coverage); Def.'s Ex. I, ECF No. 72-9 at 38 (discussing medical payment coverage payment of $5,000).

On July 3, 2020, Wunderlich sent a demand, which included his medical records, his medical history, and photos from the accident, and other information, to State Farm for his full UIM coverage limit of $100,000.00. ECF No. 20 at 7–9. According to the complaint, State Farm contacted Wunderlich's counsel after receipt of the demand to ask for additional medical records from Wunderlich, including records for the preceding five years to confirm that there were no hearing and/or tinnitus issues prior to the accident. *Id.* at 8, ¶36.

On October 7, 2020, State Farm sent Wunderlich's attorney a letter detailing their evaluation of his claim, which detailed the original offer of $20,000, but later revised offer of $30,0000, to resolve the claim. State Farm Letter, Pl.'s Ex. 21, ECF No. 73-21; *see* State Farm case notes, Def.'s Ex. H, ECF No. 72-8, at 1 ("SF offered 20K as first settlement offer on 10/5/20"). Two

days later, State Farm sent another letter, which included a payment of $20,000, to settle the claim. The letter states that the $20,000 was their "initial offer." Second State Farm Letter, Pl.'s Ex. 22, ECF No. 73-22. Wunderlich, though his attorneys, rejected this offer on October 19, 2020. ECF No. 73-25 (letter from Cottle Firm advising they would be shredding the check because their client never accepted the $20,000 offer).

State Farm's claim notes detail the attempts to resolve this claim prior to the filing of this bad faith action. *See generally* State Farm case notes, Def.'s Exs. 23–24, ECF Nos. 73-23; 73-24. As relevant to the resolution of this motion, the case note from October 13, 2020, discussing the settlement negotiations states:

> Recommendation would have been to negotiate higher as there is worth to this claim but being that NID won't come off 100K offer, the impasse is too great at this point. Our current ranges are $4193 - $48,528.06 (after offsets of 105k) but authority is 50k. No new information was presented outside of what her office has settled for in the past for hearing.

ECF No. 73-24 at 2. Thereafter, negotiations seemingly stalled. Wunderlich filed this bad faith and related claims action on March 24, 2021. Compl., ECF No. 1.

II.   **Summary of the pleadings**

State Farm filed an appeal of the magistrate judge's decision granting in part and denying in part one of State Farm's motion to compel (ECF No. 52) and granting Wunderlich's motion to quash, or in the alternative, motion for a protective order (ECF No. 56). ECF Nos. 68, 69.

State Farm seeks summary judgment in its favor for Wunderlich's claims for breach of the covenant of good faith and fair dealing and unfair claims practices pursuant to NRS 686A.310(1)(e). ECF No. 72 at 14–26. State Farm also asserts that it is entitled to summary judgment for Wunderlich's request for attorneys' fees and punitive damages. ECF No. 72 at 26–29. Wunderlich opposes the motion. ECF No. 73.

I first address State Farm's appeal of the magistrate judge's order (ECF No. 69), and then resolve the summary judgment motion.

III.     State Farm's Appeal

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a). And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." *Id.* at (b).

State Farm argues that the magistrate judge's decision denying its motion to compel is contrary to the law. "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *United States v. Alva*, 2018 U.S. Dist. LEXIS 3880, *2 (D. Nev. Jan. 8, 2018) (citations omitted). State Farm argues that the magistrate judge's statement during the hearing on their motion—that a party cannot waive a privilege that was never lodged—runs afoul of the applicable Federal Rules of Civil Procedure. ECF No. 70 at 5–6. State Farm also argues that the magistrate judge conflated discovery waiver and implied/at-issue waiver in denying the motion to compel on the basis that there was no implied waiver, despite that not being the basis of waiver upon which State Farm relied. *Id.* at 7–10.

State Farm correctly summarizes the applicable Federal Rules of Civil Procedure that are at issue here, that is: (1) unless good cause is found to excuse an untimely objection, Rule 33

requires objections to interrogatories to be specific and that failure to timely object to discovery requests constitutes a waiver of any objection; and (2) Rule 34 states "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." ECF No. 70 at 6. But State Farm's appeal fails to recognize that the magistrate judge's decision was not based on either of the reasons for which it seeks appeal of her order. Instead, the magistrate judge denied State Farm's motion to compel after finding there was good cause to excuse Wunderlich's untimely objection to State Farm's interrogatories and discovery request. She excused the untimeliness, finding it was a calendaring error which was promptly resolved when it was brought to Wunderlich's attention. ECF No. 69 at 25–26. And while not expressly stated, it is evident that she found good cause for excusing Wunderlich's delayed discovery responses, and as a result, found that there was no waiver. *Id.* In fact, she expressly states that there was "no implied waiver and no actual waiver by virtue of [defense counsel's own] delay" in promptly pursuing the discovery to which it believes it was entitled. *Id.* at 26.

This is not contrary to the law, but rather wholly consistent with the law and applicable rules. Rule 33 has a good faith exception, and courts similarly apply a good faith (or good cause) standard when determining whether to relieve a party of waiver under Rule 34. *See Liguori v. Hansen*, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012) (applying good faith standard to determine whether to relieve party from waiver under Rule 34); *see also Brown v. Stroud*, 2010 WL 3339524, at *1 (N.D. Cal. Aug. 24, 2010) ("Although Rule 34 does not expressly provide for any relief from a waiver of objections as does Rule 33, courts have granted such relief upon a showing of good cause."); *EEOC v. Kovacevich "5" Farms*, 2007 WL 1599772, at *11 (E.D. Cal. June 4, 2007) ("Failure to respond to a Rule 34 request within the time permitted waives all objections ... absent an extension of time to respond or a showing of good cause."); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (applying to Rule 34(b) requests for production the principle set forth in Rule 33(b)(4) that a court may excuse a failure to timely object for good cause).

The good cause inquiry under Rule 34 permits courts to, where appropriate, "relieve a late or non-responding party from the potentially harsh consequences associated with waiver." *Beard v. Cnty. of Stanislaus*, 2022 U.S. Dist. LEXIS 123308, *16-17 (E.D. Cal. July 12, 2022) (internal quotation marks and citation omitted). The inquiry focuses on factors such as the length and reason "for the delay, bad faith, prejudice to the propounding party, the appropriateness of the requests, and whether waiver would result in an excessively harsh result." *Vizio, Inc. v. LeEco V. Ltd.*, 2018 WL 10742584, at *6 (C.D. Cal. Nov. 2, 2018). Wunderlich's inadvertent scheduling error, quickly rectified upon discovery, is a quintessential basis for which courts find good cause to excuse a delay. *See, e.g., Beard*, 2022 U.S. Dist. LEXIS 123308, *16-17 (finding good cause under Rule 34 to excuse defense counsel's untimely objections to plaintiff's requests for production because delay was caused by inadvertent scheduling error that was remedied as soon as brought to defense counsel's attention). Moreover, here, State Farm waited months before seeking discovery responses from Wunderlich, belying a finding that excusing Wunderlich's delay in responding would cause prejudice. Indeed, under the circumstances, State Farm's request that the court find outright waiver would cause an excessively harsh result, especially given that State Farm's discovery requests may have, in fact, been seeking privileged material.

I also find that the magistrate judge did not err in granting Wunderlich's motion to quash (ECF No. 56). State Farm argues that "[i]t appears the court granted the Motion to Quash solely because it denied the motion to compel on the waiver issue." ECF No. 70 at 9. Thus, State Farm's argument that granting Wunderlich's motion to quash was contrary to the law is essentially boot-strapped to its argument regarding the denial of its motion to compel.[6] While the reasoning for granting the motion to quash is related to the denial of the motion to compel because they involve the same subject matter, they are not one and the same. The motion to compel required application of Rules 33 and 34, whereas the motion for a protective order

---

[6] Stated otherwise, State Farm is arguing that because the denial of their motion to compel was contrary to the law, so was the grant of Wunderlich's motion to quash.

required an analysis and application of Rule 26(c). Wunderlich's motion to quash sought relief from disclosing attorney-client and work-product privileged material, and argued that the information sought by State Farm was "unnecessary, duplicative[,]" and constituted discovery that was "already obtained by other means." *See generally* ECF Nos. 54; 71. The magistrate judge agreed and granted the motion in its entirety. I agree with Magistrate Judge Youchah. The information sought by State Farm was either privileged, or obtainable by other means. While State Farm argues that it is "entitled" to the information it sought (ECF No. 70 at 9), it fails to cite any points and authorities showing its alleged entitlement, and fatal to their appeal, no points and authorities showing that the magistrate judge's order was contrary to the law. *See* LR 7-2(d) (the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion).

Magistrate Judge Youchah correctly applied the law to the facts before her in denying State Farm's motion to compel and granting Wunderlich's motion to quash and State Farm fails to show that either the application or outcome was contrary to the law. Accordingly, State Farm's appeal (ECF No. 70) is denied and the magistrate judge's order (ECF No. 69) is affirmed in full.

### IV.     State Farm's motion for partial summary judgment is granted in part and denied in part.

#### A.     *Legal Standard*

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party—the one seeking summary judgment—bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). However, if the moving party satisfies Rule 56's requirements, then the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). At summary judgment, "a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial." *Assur. Co. of Am. v. Ironshore Specialty Ins. Co.*, 2015 WL 4579983, at *3 (D. Nev. July 29, 2015) (citing *id.* at 249). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Id.* at 250–51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323–24.

In Nevada, every contract imposes the duty of good faith and fair dealing, and the relationship of an insured to an insurer is "one of special confidence" akin to, but not ascending to, a fiduciary relationship. *Wohlers v. Bartgis*, 969 P.2d 949, 956 (1998) (internal quotation marks omitted); *see also Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324–25. Thus, in order "[t]o establish a

prima facie case of bad-faith refusal to pay an insurance claim, the plaintiff must establish that the insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 604 (1998). An insurer fails to act in good faith when it refuses, without proper cause, to compensate the insured for a loss covered by the policy. Such conduct gives rise to a breach of the covenant of good faith and fair dealing and constitutes "bad faith." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993). This includes refusal or failure to pay uninsured or underinsured motorist coverage benefits. *See Allstate Prop. & Cas. Co. v. Mirkia*, 2013 WL 944778, at *7 (D. Nev. March 7, 2013); *Chacon v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 1179945, at *2 (D. Nev. March 29, 2017). However, it is well established that when an insurance company's interpretation of the contract is reasonable, there can be no basis for concluding that the insurance company acted in bad faith. *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 729 P.2d 1352, 1354–55 (1986).

In Nevada, proof of an insurer's bad faith, by itself, is insufficient to support a punitive damages award. *United Fire Ins. Co. v. McClelland*, 780 P.2d 193 (Nev. 1989). But an insurer can be held to pay punitive damages for a bad faith claim if it is shown by clear and convincing evidence that the insurer has been guilty of oppression, fraud, or malice. *Hackler v. State Farm Mut. Auto. Ins. Co.*, 210 F.Supp.3d 1250, 1258 (D. Nev. 2016). Clear and convincing evidence is defined as "evidence establishing every factual element to be highly probably." *In re Discipline of Drakulich*, 908 P.2d 709 (Nev. 1995).

B. Discussion

State Farm seeks summary judgment on Wunderlich's breach of the covenant of good faith and fair dealing claim for relief, his unfair claims statement practices (NRS 686A.310(1)I) claim for relief, and his prayer for relief in the form of attorneys' fees and punitive damages. *See generally* ECF No. 72. Wunderlich opposes the motion, arguing that he is seeking punitive damages based on State Farms "intentional conduct" to deny him his insurance benefits, that

State Farm's actions constituted unfair claims practice, bad faith, and violated the duty of good faith and fair dealing. *See generally* ECF No. 73. Wunderlich also argues that Nevada allows for punitive damages in bad faith cases. *Id.* at 25–27. I address State Farm's arguments in turn.

        i.      State Farm is not entitled to summary judgment on Wunderlich's bad faith claim for relief.

In order to prove a bad faith claim in Nevada, a plaintiff must establish that the insurer denied the insured's claim, without any reasonable basis, and with "knowledge or awareness of the lack of any reasonable basis to deny coverage, or [with] reckless disregard as to the unreasonableness of the denial." *Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1095 (D. Nev. 2006). "Because the key to a bad faith claim is whether denial of a claim was reasonable, a bad faith claim should be dismissed on summary judgment if the defendant demonstrates that there was 'a genuine dispute as to coverage.'" *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003).

State Farm argues that it is entitled to summary judgment on Wunderlich's claim for breach of the covenant of good faith and fair dealing because it neither disputed his accident nor the hearing loss he sustained because of his airbag deploying, and that it properly considered his medical records together with additional information sent to it by Wunderlich's counsel prior to bringing this action. ECF No. 72 at 16. Regarding Wunderlich's hearing loss, State Farm acknowledges that hearing loss is not a minor injury but argues that it also does not require it to automatically value his claim at $205,000. *Id.* at 19. It further submits that the pre-litigation settlement information provided by Wunderlich's attorneys actually supports their range of value for his case. *Id.* at 19–22. Thus, State Farm argues that it acted reasonably in disputing Wunderlich's demand for the full $100,000 in UIM coverage. Wunderlich responds that State Farm engaged in an "underhanded process," ignoring relevant and probative information in devaluing his claim and in rejecting his demand for the full extent of his UIM coverage. *See* ECF No. 73 at 29.

State Farm met its initial burden of demonstrating its reasoning for seeking summary judgment on this claim, citing with specificity the basis for filing its motion. While a close call because State Farm made an early offer in response to Wunderlich's claim, in viewing the facts in the light most favorable to Wunderlich, I find that he has set forth specific facts showing that there is a genuine issue for trial regarding the reasonableness of State Farm's actions because, while State Farm argues that there was a reason for the dispute as to how much UIM coverage to provide Wunderlich, it remains unclear whether the dispute for limiting that coverage was genuine. The evidence cited by Wunderlich which sufficiently casts doubt on the reasonableness of State Farm's actions includes: (1) State Farm allegedly violating its own internal policies when valuing Wunderlich's claim;[7] (2) that State Farm was authorized to offer up to $50,000 to Wunderlich but never did;[8] (3) State Farm sending Wunderlich a check to settle his claim in an amount that was $10,000 less than the previously offered settlement amount;[9] (4) the reduction in the estimate of Wunderlich's past pain and suffering and lack of information, documentation, or explanation of State Farm's assessment of his future pain and suffering from the fall of 2020;[10] and (5) State Farm initially declining to seek an independent medical examination but later deciding to seek one in 2021.

State Farm argues that it is also entitled to summary judgment on Wunderlich's bad faith claim because he only claims damages in the form of "mental pain and suffering", which State Farm contends has been closed out by Wunderlich's testimony that he did not suffer any emotional distress from the claim handling. ECF No. 72 at 22–24. In order to establish a bad faith claim, the insured must establish fault by the insurer *and damages*. *Pemberton*, 858 P.2d at 384 (emphasis added). Despite State Farm's contention, however, there is sufficient evidence on the record from which a reasonable juror could find that Wunderlich experienced compensable mental and emotional distress due to the denial of his insurance claim and the inconveniences

---

[7] ECF No. 73 at 7–8 (citing ECF No. 73-9).
[8] Pl.'s Ex. 22, ECF No. 73-22; Pl.'s Ex. 9, State Farm 30(b)(6) Deposition, ECF No. 73-9 at 80; 212.
[9] Pl.'s Exs. 9 and 19, ECF Nos. 73-9 at 22–23, 39–41; 73-19.
[10] Pl.'s Exs. 17 and 19, ECF No. 73-17 and 73-19.

and frustrations he experienced in being forced to resort to a lawsuit. *See* ECF No. 73 at 29–30 (citing ECF No. 72-27 (Affidavit of Thomas Wunderlich); ECF No. 72-32 (Affidavit of Sandra Wunderlich); *see Farmers Home Mut. Ins. Co. v. Fiscus*, 725 P.2d 234, 236 (Nev. 1986)). It is not the court's role at this stage to weigh the evidence nor to make credibility determinations, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986), and after drawing all inferences in Wunderlich's favor, I find summary judgment based on his alleged damages inappropriate.

Because I find that, after viewing all facts and drawing all inferences in the light most favorable to Wunderlich, reasonable minds could differ on whether the evidence shows that State Farm acted in good faith in disputing the amount of UIM monies owed and whether Wunderlich suffered mental and emotional distress as a result of State Farm's actions and the instant lawsuit, I find deny summary judgment on Wunderlich's bad faith claim.

    ii.  State Farm is not entitled to summary judgment on Wunderlich's unfair claim practices act claim.

Unlike claims for bad faith, the Nevada Unfair Claims Practices Act (UCPA) addresses the manner in which an insurer handles an insured's claim. *See Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F.Supp.2d 1223, 1236 (D. Nev. 2010). Pursuant to the UCPA, an insured can recover for any *damages* sustained as a result of a defendant committing any act defined by the UCPA to be an "unfair trade practice." NRS § 686A.310(2) (emphasis added). Black's Law Dictionary defines damages as "money claimed by, or ordered to be paid to, a person as compensation for loss or injury." Black's Law Dictionary (11th ed. 2019). In the operative complaint, Wunderlich alleges that State Farm "failed to effectuate a prompt, fair and equitable settlement of claims[,]" and "intentionally disregarded its obligation to pay [Wunderlich] his [UIM] coverage[,]" ECF No. 20 at 22, ¶¶96–97, and as a result he suffered "general damages, including harassment, annoyance, and frustration[.]" *Id.* at 26, ¶112.

State Farm claims that Wunderlich's allegations cannot sustain a UCPA violation because he "did not suffer any damages other than his belief he was entitled to his policy limit."

ECF No. 72 at 26. State Farm argues that this claim fails for two reasons. First, State Farm relies only on Wunderlich's deposition transcript to support its argument. *Id.* State Farm's reliance on the deposition alone is myopic. Much of the same evidence cited by Wunderlich in support of his bad faith claim supports denying its summary judgment motion on this claim as well. The jury is best suited to determine if the evidence shows that Wunderlich suffered damages in the form of "harassment, annoyance, frustration, and inconvenience,"[11] and if so, the extent of those damages.

State Farm's second argument for summary judgment on this claim is also unavailing. It argues that the "undisputed facts" show that State Farm's efforts met the standard of effectuating a prompt, fair, and equitable settlement of claims with their insured. *Id.* at 25. But those the "undisputed facts" referenced by State Farm are precisely those in dispute. Thus, a jury is best suited to resolve the question of whether State Farm violated the UCPA. Accordingly, summary judgment on Wunderlich's UCPA claim is denied.

### iii.   Punitive Damages and Attorneys' Fees

In Nevada, a district court "has discretion to determine whether the defendant's conduct merits punitive damages as a matter of law." *Bongiovi v. Sullivan*, 138 P.3d 433, 451 (Nev. 2006). Nevada authorizes an award of punitive damages "for the breach of an obligation not arising from contract,[12] where … the defendant has been guilty of oppression, fraud or malice, express or implied." NRS § 42.005(1). Nevada law defines "oppression" as "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person," *id.* § 42.001(4) (2009); "fraud" as "an intentional misrepresentation, deception or concealment of a material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person," *id.* at (2); and "malice, express or implied" as "conduct which is intended to injure a person or despicable conduct which is engaged in with a

---

[11] ECF No. 20 at 26, ¶112.

[12] A plaintiff must have a contractual relationship with an insurer to assert a bad faith claim. *United Fire Ins. Co. v. McClelland*, 780 P.2d 193, 197 (1989).

conscious disregard of the rights or safety of others," *id.* at (3). The Nevada Supreme Court has further defined oppression as "a conscious disregard for the rights of others which constitutes an act of subjecting plaintiffs to cruel and unjust hardship." *See, e.g., Guaranty Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 208 (Nev. 1996).

Punitive damages are not generally awarded for breach of contract claims. *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 113 Nev. 346, 934 P.2d 257, 263 (1997). But punitive damages are available when an insurer breaches the implied covenant of good faith. *Id.* In *Guar. Nat. Ins. Co. v. Potter*, the Nevada Supreme Court upheld an award of punitive damages in a case where an insurance company acted in bad faith in processing an uninsured motorist claim. 912 P.2d 267 (1996). The court held that the insurer's actions were "willful, intentional and done in reckless disregard of the consequence" to the plaintiffs. *Id.* at 273. Here, the record lacks sufficient evidence upon which a reasonable jury could find that Wunderlich would be entitled to punitive damages. The record simply shows that State Farm disputed the amount of UIM coverage to provide Wunderlich. While there remain questions regarding the basis for that dispute, that goes to the question of bad faith or the UCPA, but it is insufficient to show oppression, fraud or malice. For that reason, I grant State Farm summary judgment as to Wunderlich's prayer for punitive damages.

State Farm also seeks summary judgment on Wunderlich's prayer for attorneys' fees for the breach of the covenant of good faith and fair dealing and UCPA claims. ECF No. 72 at 26–27. Wunderlich does not offer a substantive opposition to the motion. *See generally* ECF No. 73 at 30. Instead, Wunderlich argues that he could potentially seek attorneys' fees if a jury returns a verdict in an amount that exceeds any offer of judgment. *Id.* The issue of attorneys' fees related to offers of judgment is not before the court and therefore the court declines to issue a ruling based on this argument alone. The court does, however, grant State Farm's motion to preclude Wunderlich's prayer for attorneys' fees for his claims for breach of the covenant of good faith and fair dealing and UCPA. Nevada adheres to the rule that attorneys' fees may be awarded only

by statute, rule, or agreement. *Pardee Homes of Nev. v. Wolfram*, 444 P.3d 423, 426 (Nev. 2019). Attorneys' fees are not recoverable for violations of NRS § 686A.310. *See Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 5477751, at *5 (D. Nev. Dec. 30, 2010). And generally, the remedy for a breach of the implied covenants of good faith and fair dealing is limited to contractual remedies. *See Mundy v. Household Fin. Corp.*, 885 F.2d 542, 544 (9th Cir. 1989); *see also State v. Sutton*, 103 P.3d 8, 19–20 (Nev. 2004) (quoting *Great American Ins. v. General Builders*, 934 P.2d 257, 263 (1997) (damages for breach of implied covenant are available when "the party in the superior or entrusted position has engaged in grievous and perfidious misconduct.")). Accordingly, State Farm's motion for summary judgment on Wunderlich's prayer for attorneys' fees for the breach of the covenant of good faith and fair dealing and UCPA claims is granted.

## V.     Conclusion

IT IS THEREFORE ORDERED that State Farm's motion for partial summary judgment [ECF No. 72] is **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER ORDERED that State Farm's appeal of the magistrate judge's order [ECF No. 70] is **DENIED**. The order [ECF No. 69] is affirmed and adopted in full.

DATED: October 5, 2023

_____
Cristina D. Silva
United States District Judge